IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DISNEY ENTERPRISES, INC., et al.,

      Plaintiffs,                              CIV. NO. S-10-3100 GEB GGH

     vs.

BOUNCING 4 FUN, et al.,

                                               FINDINGS & RECOMMENDATIONS

      Defendants.
_____/

        Plaintiffs' motion for entry of default judgment against defendants Bouncing 4 Fun ("Bouncing") and Victoria Millhouse a/k/a Victoria Bauske a/k/a/ Victoria Vasquez ("Millhouse"), filed March 14, 2011, was submitted on the record. Local Rule 230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On November 17, 2010, plaintiffs filed the underlying complaint in this action against defendants Bouncing and Millhouse, alleging defendants were operating a business that

////

////

////

1

was actively selling and renting unlicensed and counterfeit moonwalks[1], which incorporated the unauthorized likenesses of plaintiffs' copyrighted characters and logos. The summons and complaint were personally served on defendants Bouncing and Millhouse on November 29, 2010. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendants have failed to file an answer or otherwise appear in this action. On January 18, 2011, the clerk entered default against defendants Bouncing and Millhouse.

Notice of entry of default and the instant motion for default judgment and supporting papers were served by mail on defendants at their last known address. Defendants filed no opposition to the motion for entry of default judgment. Plaintiffs seek an entry of default judgment in the amount of $475,000.00 in statutory damages in favor of Disney, $75,000.00 in statutory damages in favor of DC Comics, $25,000.00 in statutory damages in favor of Hanna-Barbera, $25,000.00 in statutory damages in favor of Sanrio, interest pursuant to 28 U.S.C. § 1961(a), and a permanent injunction.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

To prevail on a claim for copyright infringement, plaintiff must establish ownership of a valid copyright and unauthorized copying of original elements of the work by the defendant. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Plaintiffs have alleged ownership of valid copyright registrations in characters and logos that defendants allegedly unlawfully incorporated into their merchandise, such as moonwalks, which they sold,

---

[1] A moonwalk is defined as a large inflatable bounce house used for entertainment, typically by children. http://en.wikipedia.org/wiki/Moonwalk.

rented, distributed or manufactured. See Complaint ("Compl."), at ¶ 1. The complaint is sufficiently pled and states a claim for copyright infringement.[2]

Plaintiffs need not prove actual damages to recover the statutory damages they seek. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 1997). Plaintiffs seek statutory damages as authorized by 17 U.S.C. § 504(c), in the total amount of $600,000.00. Compl., at ¶¶ 12-19, p. 21; Motion for Entry of Default Judgment ("Motion"), at 17. The court notes that defendants did not bother to respond to this action in any way, and thereby forfeited any argument they may have had to contest the amount of damages. The court deems defaulting defendants, by their failure to appear or defend this action, to have waived any objections to the statutory source of the damages prayed for in the instant motion. The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment supports the finding that plaintiffs are entitled to the relief requested, but the total amount will be reduced. See infra. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Remedies

Plaintiffs seek statutory damages in the amount of $600,000.00, with $475,000.00 to be awarded to Disney, $75,000.00 to be awarded to DC Comics, $25,000.00 to be awarded to Hanna-Barbera, $25,000.00 to be awarded Sanrio, interest pursuant to 28 U.S.C. § 1961(a), and a permanent injunction. Plaintiffs do not seek attorneys' fees.

A. Injunction

Plaintiffs seek an injunction in the following form to enjoin defendant's wrongful conduct:

////

---

[2] Plaintiffs do not seek judgment on their claims of trademark infringement, trademark dilution and unfair competition. (Pls.' Mot. at ii:18-19.)

3

   3) The Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

   a) Infringing Plaintiffs' Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any merchandise which features any of Plaintiffs' Properties, and specifically:

   i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Counterfeit Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

   ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Properties;

   iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or the Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs; Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

   4) Defendants are ordered to deliver for destruction all Counterfeit Products, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties and any labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiffs' Properties or any simulation, reproduction, counterfeit, copy or colorable imitations thereof and all plates, molds, heat transfers, screens, matrices and other means of making the same.

Proposed Judgment, at 3-4.

   Federal copyright laws authorize injunctive relief for copyright infringement. Elektra Ent. Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005 (citing 17 U.S.C. §

501, 502(a)). "A court may order a permanent injunction 'to prevent or restrain infringement of [the owner's] copyright.' Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." Sega Enterprises Ltd. v. Maphia, 948 F. Supp. 923, 940 (N.D. Cal. 1996) (quoting 17 U.S.C. § 502) (finding access to equipment that allowed defendant to continue to illegally download and distribute game programs constituted a threat of continued violation); see also, MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993); Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction upon entry of default judgment against defendant in a copyright infringement action).

Here, as discussed above, plaintiffs have established defendant's liability for copyright infringement. Furthermore, the complaint alleges that defendants are continuing to engage in the aforementioned activities. (Comp. ¶ 17.) Defendants' failure to appear in this action does nothing to convince the court that they will cease their infringing activity. Monetary damages cannot adequately compensate this potential for future infringement.

Finally, defendants' failure to respond to this lawsuit suggests an indifference to the unlawful nature of their infringing activity. Accordingly, based on the foregoing, this court finds that the requested injunctive relief is appropriate and recommends that it be granted.

### B. Statutory Damages

Where a plaintiff prevails in a copyright infringement case, 17 U.S.C. § 504(c) provides for an award of statutory damages in a sum of not less than $750 or more than $30,000 for each infringement, as the court considers just. Moreover, pursuant to 17 U.S.C. § 504(c)(2), a court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful. "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

1  Here, plaintiffs seek $25,000 for each alleged act of infringement (twenty-four in
2  total), for a total of $600,000.00.  See Motion, at 17-18; Baker Decl. at ¶ 4, Ex. A.  Defendants'
3  willfulness is evidence by their failure to cease and desist in response to at least five such letters
4  sent to them between October 20, 2006 and August 1, 2007.  Baker Decl., ¶ 6.  Nevertheless,
5  plaintiffs' request is at the high end of the permissible damages range.  In light of the small scale
6  of defendants' business venture, which includes only five to ten employees, according to one
7  website, the amount requested is excessive.  See www.cortera.com.  However, due to the willful
8  nature of the conduct, the number of the likenesses used, and defendants' personal and
9  substantial profit from the use of the copyrights, plaintiffs will be awarded $10,000 per
10 infringement for a total of $240,000.00.  Accordingly, Disney should be awarded $190,000; DC
11 Comics should be awarded $30,000; Hanna-Barbera should be awarded $10,000; and Sanrio
12 should be awarded $10,000.

         C.  Post-Judgment Interest

14  Plaintiffs seek interest from the date of judgment until paid.  Post-judgment
15 interest is governed by federal law.  Northrop Corp. v. Triad Int'l Mktg. S.A., 842 F.2d 1154,
16 1155 (9th Cir. 1988).  The rate of post-judgment interest is determined under 28 U.S.C. § 1961
17 which provides that "[s]uch interest shall be calculated from the date of the entry of the
18 judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as
19 published by the Board of Governors of the Federal Reserve System, for the calendar week
20 preceding ... the date of the judgment."  Therefore, post-judgment interest should be set at the
21 federal rate to be determined at the time of judgment for the calendar week preceding that date.
22 See www.federalreserve.gov. [3]
23 ////

---

[3] Plaintiffs request that the court retain jurisdiction over this action.  This term is unnecessary.  The injunction is an order of the court, and this court retains jurisdiction to enforce its orders.  The situation is quite different from that of a settlement where a dismissal is entered, and the court must expressly retain jurisdiction to enforce the terms of settlement.

1 CONCLUSION

2         In view of the foregoing findings, it is the recommendation of this court that
3 plaintiffs' motion for entry of default judgment be GRANTED.  Judgment should be rendered in
4 the amount of $240,000.00 in statutory damages and post-judgment interest as set forth above
5 from the date of judgment.  A permanent injunction should be granted against defendants as
6 specified herein.

7         These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
9 fourteen days after being served with these findings and recommendations, any party may file
10 written objections with the court and serve a copy on all parties.  Such a document should be
11 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
12 objections shall be served and filed within fourteen days after service of the objections.  The
13 parties are advised that failure to file objections within the specified time may waive the right to
14 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: September 9, 2011

                                    /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

GGH:076
Disney3100.def.wpd